IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HARLAN J. ROHRBERG, | ) | 8:05CV077 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ZIMMER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

A hip implant manufactured by the defendant was implanted in the plaintiff and later broke, giving rise to this product liability suit. The plaintiff asserts negligence, strict liability, and breach of express and implied warranty claims. Now before me are the defendant's motions to exclude the expert testimony of Michael D. Pratt, P.E. (filing 51) and for summary judgment (filing 53).

### *Motion to Exclude Expert Testimony*

After careful review of the briefs and evidence submitted, I will deny the motion to exclude the expert testimony of Michael D. Pratt, P.E. On paper, his testimony appears to be admissible under Fed. R. Civ. P. 702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) and its progeny.

### *Motion for Summary Judgment*

I find that the testimony of Michael Pratt, combined with the opinion testimony of the plaintiff's treating physician (to the extent is is based on information obtained during care and treatment of the plaintiff), is sufficient to create questions of material fact as to negligent design, design defect, and causation and will deny the motion for

summary judgment as to the claims of negligence and strict liability.[1] I will, however, grant the motion for summary judgment as to other claims and theories of recovery, for the reasons explained below.

It is unclear whether the plaintiff initially sought recovery under the theory of defective manufacture, but if he did he has abandoned that claim. The plaintiff's brief and evidence opposing summary judgment indicate that he seeks recovery solely under the theory of defective design and not on the theory of manufacturing defect. The plaintiff's expert is "not opining that [the device] failed to meet Zimmer's specifications in any respect." (Filing 54-9, Ex. F (Pratt Dep.) 224:18-23.) The plaintiff has submitted no evidence as to manufacturing defect. The defendant is entitled to judgment as a matter of law as to claims based on the theory of defective manufacture.

I will also grant the motion for summary judgment as to the express warranty claim. The plaintiff stated in his deposition that no one representing the defendant ever represented that the hip implant device was covered by any warranty or provided him with any written materials about the device. (Filing 54-3 (Rohrberg Dep.) 155:1-8.) Although the defendant asserted that the breach of warranty claims must fail because the plaintiff's own testimony indicated the defendant had not made any warranties to him (filing 54 (Br. in Supp. of Mot. for Summ. J.) 13-14), the plaintiff submitted no evidence indicating that a warranty was made to him. The plaintiff's

---

[1] As to the strict liability claim, the plaintiff suggested that the risk-utility test is the appropriate standard for determining whether a product is defective. (Filing 62 (Br. in Opp'n to Mot. to Exclude & Mot. for Summ J.) 18-19.) However, Nebraska has not adopted the risk-utility test. Rahmig v. Mosley Mach. Co., 412 N.W.2d 56, 70 (Neb. 1987) ("Regarding products liability cases, Nebraska has yet to adopt the risk-utility test for strict liability in tort.") In considering the strict liability claim, I have applied the user-contemplation test followed in Nebraska. Rahmig, 412 N.W.2d at 68; Kohler v. Ford Motor Co., 191 N.W.2d 601, 607 (Neb. 1971).

brief opposing summary judgment addressed only causation, design defect, and the elements of strict liability. As the plaintiff has failed to establish a question of fact as to whether express warranties were made to him, and has apparently abandoned that theory of liability, I will grant summary judgment on the express warranty claim.

The defendant correctly asserts that under Nebraska law, a claim for breach of implied warranty based on defective design is merged into a claim for strict liability based on defective design. <u>Freeman v. Hoffman-La Roche, Inc.</u>, 618 N.W.2d 827, 843 (Neb. 2000). For that reason, I will grant the motion to dismiss the implied warranty claim.

Accordingly,

IT IS ORDERED THAT:

1. The motion to exclude the expert testimony of Michael D. Pratt, P.E. (filing 51) is denied;

2. The motion for summary judgment (filing 53) is granted as to any claims based on defective manufacture and as to the express and implied warranty claims; and

3. Except as set forth in paragraph 2 above, the motion for summary judgment is denied.

October 24, 2006.                           BY THE COURT:

                                            *s/Richard G. Kopf*
                                            United States District Judge